## ROGERS v STATE OF FLORIDA
Case No. 87-311-AC (County Court Case No. 3616BT, 84975BT)

Eleventh Judicial Circuit, Appellate Division, Dade County

April 21, 1988

### APPEARANCES OF COUNSEL

**Martin S. Saxon** for appellant.

**Robert A. Butterworth,** Attorney General and **Charles M. Fahlbusch,** Assistant State Attorney, for appellee.

Before SALMON, FEDER, ROBINSON, JJ.

### OPINION OF THE COURT

ROBINSON, J.

In the trial court the defendant moved to dismiss the charging document in his traffic infraction case because of a violation of Florida Statutes, § 316.650(3) which reads as follows:

"Every traffic enforcement officer, upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any city or town, shall deposit the original and one copy of such traffic citation with a court having jurisdiction over the

alleged offense or with its traffic violations bureau within 5 days after issuance to the violator."

The defendant contends that the statute is jurisdictional and must be treated as would a statute of limitations.

The defendant fails to realize:

1) The remainder of the statute is clearly directed to the administration of traffic citations.

2) Subsection 3 must be read in conjunction with subsection 10. That subsection allows a state attorney to order the police to prepare a citation any time during the one year statute of limitations set forth in Florida Statutes, 775.15(2)(d).

Affirmed.

SALMON and FEDER, J.J., CONCUR.